### ALEX. SUND *v.* A. GRANT'S ADMR.

Contract—Pleadings—Title by Delivery.

Where the allegations and proof fails to establish the delivery of wood sold under contract, or the setting apart of a quantity designated in the contract, this will not constitute title or delivery and no action on the contract will lie.

Same—Instructions.

An instruction in effect "that the plaintiff under the contract might recover the price of the wood, without showing actual or constructive delivery" is held erroneous.

APPEAL FROM JESSAMINE CIRCUIT COURT.

January 4, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The contract between A. Grant and the appellant does not, in our opinion, import a delivery of the one thousand cords of wood, or more than an agreement of the parties, whereby Grant undertook to furnish that quantity of wood, cut and stacked on the lands designated, which the appellant agreed to purchase at the price of $2.50 per cord. To entitle the plaintiff to recover on the contract for the agreed price of the wood, it was therefore necessary, upon well settled principles, that by an actual delivery of the wood, or acts equivalent thereto, as measuring, setting apart or designating the 1,000 cords of wood, the title should have passed to the appellant. This is not shown to have been done by either allegation or proof. As the court, in effect, instructed the jury that the plaintiff under the contract might recover the price of the wood without

showing such actual or constructive delivery, this ruling is deemed erroneous and fatal to the judgment.

We perceive no error in the ruling of the court prejudicial to the appellant, with respect to the alleged parol agreement of Grant to make a road for use in hauling the wood. But for the reason stated, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.

*Beck & Thornton, for appellant.*

*Bronaugh, for appellee.*